GIROT, PLAINTIFF AND APPELLANT, *v.* CRISPÍN, DEFENDANT AND APPELLEE.

APPEAL from the District Court of Humacao in an Action of Divorce.

No. 1401.—Decided May 11, 1916.

DIVORCE—ABANDONMENT—MATRIMONIAL DUTIES.—The firm and decided determination of one of the spouses not to live with the other and thus comply with the duties imposed by the natural and civil law, persisted in for more than one year, constitutes the abandonment defined by subdivision 5 of section 164 of the Civil Code as a ground for divorce.

ID.—CONSENT OR TOLERANCE—ABANDONMENT.—Mere separation with the consent or tolerance of the other spouse cannot be considered abandonment. An indispensable requisite to abandonment is the refusal of one spouse to live with the other, and the period of abandonment begins to run from the time such refusal is manifested. It must be shown how the separation began and when efforts were first made for a resumption of cohabitation.

ID.—CIVIL CONTRACT.—The marriage bond, although derived from a civil contract, should not be lightly dissolved.

The facts are stated in the opinion.

*Mr. Juan B. Huyke* for the appellant.

The defendant did not appear.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

This is an appeal by the plaintiff from a judgment of the District Court of Humacao in an action for divorce.

In April, 1915, Manuel Girot Adam brought an action for divorce in the said court against his wife, Eulogia Crispín Camacho, alleging as the fundamental grounds therefor that, being married and residents of Vieques with two children born of the marriage, the defendant, against the will of the plaintiff and without lawful cause, abandoned the conjugal abode more than a year before and went to live at the house of her mother, and that the plaintiff's efforts to have the defendant return to live with him were unavailing; wherefore the plaintiff prayed for a decree of divorce *a vinculo matrimonii*, with other pronouncements according to law and the costs.

Eulogia Crispín was summoned to appear and answer the complaint, but not having done so, her default was noted. The trial was held without her appearance and on August 6, 1915, the District Court of Humacao rendered the judgment appealed from, dismissing the complaint with the costs against the plaintiff.

As the sole ground for his appeal the appellant alleges error in the weighing of the evidence.

Among the causes for divorce, section 164 of the Revised Civil Code enumerates under subdivision 5 the abandonment of the wife by the husband or of the husband by the wife for a period of more than one year; and as we held in the case of *Moret v. Vázquez,* 5 P. R. R. 233, the firm and constant determination of one of the spouses not to live with the other spouse and thus comply with the duties imposed upon such person by the natural and the civil law, and such determination being persisted in for more than one year, constitutes abandonment as defined by the said section as a cause for divorce.

We have examined the evidence introduced at the trial, consisting of the testimony of the plaintiff himself and of two other witnesses, and do not find that the abandonment of the husband by the wife has been proved in a manner that would justify the granting of the decree of divorce as prayed for.

That the defendant has been separated from the plaintiff for more than one year is shown, but not how the separation began, and although the plaintiff made efforts to have his wife return to live with him, it does appear when he did so, and this is an indispensable requisite in order to determine that the wife has been separated from her husband for more than one year. Mere separation with the consent or tolerance of the other cannot be considered abandonment. An indispensable requisite to abandonment is the refusal of one spouse to live with the other and the period of abandonment begins to run from the time when such is manifested.

There is no reason why this court should disturb the conclusions of the lower court based on the evidence. The marriage bond, although derived from a civil contract, should not be easily dissolved. *Sánchez v. Soldevilla*, 6 P. R. R. 225.

The judgment appealed from should be

*Affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.